**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4104**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

PAUL F. CALLAWAY, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00124-NCT-1)

Submitted:  September 29, 2008          Decided:  October 24, 2008

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul F. Callaway, Jr., was sentenced to thirty-three months imprisonment pursuant to his guilty plea to four counts of filing false federal income tax returns, in violation of 26 U.S.C. § 7206(1) (2000). He appeals, claiming that the district court erred in applying a two-level enhancement for abusing a position of trust under U.S. Sentencing Guidelines Manual (USSG) § 3B1.3 (2007).

This court reviews de novo a district court's legal interpretation of whether a defendant abused a position of trust under § 3B1.3, and reviews its factual findings for clear error. United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005). Section 3B1.3 provides for a two-level increase "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." An adjustment under § 3B1.3 is warranted "if the district court determines that [the defendant] abused a position of trust and that abuse significantly contributed to the commission or concealment of the crime." Ebersole, 411 F.3d at 536 (internal quotation marks and citations omitted).

Callaway is correct that we require the question of whether a person occupies a position of trust to be addressed from the perspective of the victim. See United States v. Moore, 29 F.3d 175, 180 (4th Cir. 1994). However, we have also held that there

2

can be multiple victims of an offense.  See <u>United States v. Akinkoye</u>, 185 F.3d 192, 203 (4th Cir. 1999).  Here, although the primary victim of Callaway's offenses was the United States, his former employer, for whom he provided accounting services, was also victimized by Callaway's conduct.

Accordingly, we affirm Callaway's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>